PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE AGUIRRE, | ) | CASE NO. 4:08 CV 2365 |
| Plaintiff, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND ORDER** |

Introduction

Before the Court is Plaintiff Jose Aguirre's *pro se* Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 12. Aguirre asks the Court to set aside its judgment from the Order filed on December 30, 2008, ECF No. 8, wherein the Court dismissed Aguirre's claims against Defendants Corrections Corporation of America ("C.C.A.") and Warden Joseph Gunja, while allowing Aguirre to proceed on his First Amendment claim against Defendant William Zeyer, chaplain. Defendants have not responded to Aguirre's motion.

After reviewing Aguirre's motion, the Court's Order, and applicable law, the Court denies Aguirre's Motion to Alter or Amend Judgment.

**I. Relevant Factual and Procedural History**

On October 6, 2008, *pro se* Plaintiff Aguirre filed a civil rights action against Defendants C.C.A., Joseph Gunja, and William Zeyer alleging the denial of his freedom of religion. ECF

(4:08 CV 2365)

No. 1. Specifically, Aguirre, an inmate at Northeast Ohio Corrections Center, asserted that Defendants (prison corporation, warden, and prison chaplain) denied his right to practice his religious beliefs by not allowing him to participate in the Kosher meal program. ECF No. 1 at 1. Contemporaneously, Aguirre filed a motion to proceed *in forma pauperis*. ECF No. 2. Aguirre also filed an Amended Complaint and a Second Amended Complaint on November 4, 2008 and November 6, 2008, respectively. ECF Nos. 5 & 6.

On December 30, 2008, the Court granted Aguirre's motion to proceed *in forma pauperis*. ECF No. 7. Also on December 30, 2008, the Court dismissed *sua sponte*, Aguirre's claims against Defendants C.C.A. and Warden Joseph Gunja pursuant to 28 U.S.C. § 1915(e). ECF No. 8. The Court reasoned that Sixth Circuit law required that Aguirre "must show that the supervisors somehow encouraged or condoned the actions of their employees." ECF No. 8 at 3 (internal citations omitted). After review of the pleadings, the Court found that there were "no allegations in the complaint which suggest that these defendants [C.C.A. and Joseph Gunja] played any role in the decision to deny kosher food to the plaintiff." ECF No. 8 at 3.

**II. Law and Analysis**

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct.22, 2007) (*citing Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904

-2-

(4:08 CV 2365)

F.Supp. 644, 669 (N.D. Ohio 1995)).  "It is not the function of a motion to [amend or alter judgment] either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) *(quoting* In re *August 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1408 (S.D. Ind.1994)).

Construing Aguirre's motion liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), he appears to assert that the Court committed a clear error of law by not following the precedent set forth in *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  The *Monell* Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.  Aguirre, however, has presented no evidence of a "government policy or custom" in his original complaint or subsequent amended complaints.  Accordingly, the Court did not commit a clear error of law and denial of Aguirre's motion is appropriate.

Furthermore, Aguirre asks the Court to consider his amended complaints, ECF Nos. 5 & 6.  Since the Court issued its Order *after* Aguirre filed his amended complaints, the Court did consider these complaints and thus, denial of Aguirre's motion is appropriate. *McConocha*, 930 F.Supp. 1182 at 1184 ("It is not the function of a motion to [amend or alter judgment] . . . to

(4:08 CV 2365)

renew arguments already considered and rejected by a court . . . .").

### III. Conclusion

Based on the foregoing analysis, the Court concludes that Plaintiff Aguirre's Motion to Alter or Amend Judgment pursuant to Rule 59(e) does not satisfy the circumstances established by Sixth Circuit law under which a court may grant such a motion.

Accordingly, the Court denies Plaintiff Aguirre's Motion to Alter or Amend Judgment.

IT IS SO ORDERED.

|  |  |
|---|---|
| Dated: March 17, 2009 | s/ *Benita Y. Pearson*<br>United States Magistrate Judge |