UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSE AGUIRRE,** | ) | **CASE NO. 4:08-cv-2365** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CORRECTIONS CORPORATION** | ) | |
| **OF AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The instant matter is before the Court on Defendants Corrections Corporation of America, Joseph E. Gunja, and William Zeyer's (collectively "Defendants") Motion to Dismiss Plaintiff Jose Aguirre's ("Aguirre") Complaint. (Dkt. # 15.)

**I. PROCEDURAL BACKGROUND**

Aguirre filed a complaint against Defendants on October 6, 2008, challenging the conditions of his confinement as a federal prisoner. On December 30, 2008, this case was automatically referred to Magistrate Judge Benita Y. Pearson for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 9.) On June 5, 2009, the Magistrate Judge issued a Report and Recommendation. (Dkt. # 25.) In the Report and Recommendation, the Magistrate Judge recommends that the Court treat the Motion to Dismiss as a Motion for Summary Judgment. (Dkt. # 25.) The Magistrate Judge further recommends that the Court grant Summary Judgment in favor of Defendants and dismiss Aguirre's Complaint, in its entirety, with prejudice, because

Aguirre has failed to exhaust available administrative remedies. (Dkt. # 25.) Aguirre timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 26.) Defendants then filed a Response to Aguirre's objection. (Dkt. # 27.) For the following reasons, the court finds that Aguirre's objections lack merit.

## II. ANALYSIS

The Magistrate Judge has determined that Aguirre's claim does not satisfy the Prison Litigation Reform Act's ("PLRA") requirement that inmates properly exhaust all administrative remedies before bringing a lawsuit. See 42 U.S.C. § 1997e(a) ("No Action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). (Dkt. # 25.) In his opposition to the Report and Recommendation, Aguirre does not deny that he failed to exhaust all available remedies. Instead, he argues exhaustion is unnecessary because the official administrative remedy process for federal prisoners set forth in 28 C.F.R. § 542 does not mention an exhaustion requirement. He argues that because of this difference, the Court should find the regulation and PLRA inconsistent, give weight to both laws, and effectively eliminate Aguirre's exhaustion requirement. (Dkt. # 26 at 2.) Alternatively, Aguirre argues that the statutes are in conflict, and that this Court should follow the "last in time rule." (Dkt. # 26 at 3.) This would require the court to abandon the PLRA's exhaustion requirement because it was enacted before 28 C.F.R. § 542. (Dkt. # 26 at 3.)

Aguirre's argument is without merit. There is no inconsistency or conflict; the two laws address different components of an issue. PLRA requires federal prisoners to exhaust their administrative remedies before challenging their confinement conditions in

federal court. The fact that the administrative remedy process set forth in 28 C.F.R. § 542 does not reiterate the exhaustion requirement does not demonstrate an intent to abandon the requirement. Even if there was a conflict, a federal regulation is invalid if in conflict with a federal statute. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984). Therefore, PLRA's exhaustion requirement would still be applicable. Accordingly, the Court agrees with the Magistrate Judge's determination.

### III. CONCLUSION

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. Aguirre's objections are without merit. Therefore, the Court hereby **ADOPTS** Magistrate Judge Pearson's Report and Recommendation (Dkt. # 25), **GRANTS** Defendants' Motion (Dkt. # 15), and **DISMISSES** Aguirre's Second Amended Complaint (Dkt. # 6), in its entirety, **WITH PREJUDICE**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – August 3, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**